IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| TODD BREWER WEEKS, | ) | CIVIL NO. 10-00305 JMS/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANTS' MOTION FOR |
| vs. | ) ) | SUMMARY JUDGMENT |
| NOLAN ESPINDA, et al., | ) ) |  |
| Defendants. | ) ) |  |
| _____ | ) |  |

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Pro se Plaintiff Todd Brewer Weeks ("Plaintiff"), a former inmate at Halawa Correctional Facility ("HCF"), brings this action against Defendants HCF Warden Nolan Espinda ("Warden Espinda"), HCF Medical Director J. Marc Rosen, M.D. ("Rosen"), and HCF physician Sisar Paderes, M.D. ("Paderes"), (collectively "Defendants"),[1] pursuant to 42 U.S.C. § 1983. Plaintiff alleges that during his incarceration at HCF, Defendants violated his Eighth Amendment rights when they knowingly housed him with other inmates who were infected with

---

[1] In its initial screening order, the court overlooked that Plaintiff asserted that Warden Espinda also violated Plaintiff's Eighth Amendment right to a safe environment. Because Defendants' summary judgment arguments apply equally to Warden Espinda as they do to Rosen and Paderes, the court addresses Plaintiff's claims against Warden Espinda as well.

tuberculosis ("TB"), resulting in Plaintiff testing positive for TB exposure.

Currently before the court is Defendants' Motion for Summary Judgment in which they argue that there is no genuine issue of material fact that Plaintiff was exposed to TB at HCF, that Defendants were personally involved in any alleged constitutional violations or, to the extent they were involved, that they were deliberately indifferent to Plaintiff's serious medical needs. ECF. No. 41. Based on the following, the court GRANTS Defendants' Motion for Summary Judgment.

## II. BACKGROUND

**A. Factual Background**

Because Plaintiff filed no Opposition to Defendants' Motion for Summary Judgment, the following facts are uncontested.

On December 1, 2009, Plaintiff was transferred to HCF from Saguaro Correctional Center ("SCC") in Arizona. Kaplan Decl. ¶ 8, ECF No. 42-5. On February 7, 2010, Plaintiff was given his annual Mantoux Purified Protein Derivative ("PPD") TB skin test, which indicated he had been exposed to TB. Rosen Decl. ¶ 14, ECF No. 42-1. This was Plaintiff's first positive TB skin test -- his previous annual PPD test, administered on February 18, 2009 at SCC, had been negative for TB exposure. *Id.* ¶ 12.

Prior to this positive TB skin test, Plaintiff visited the HCF clinic three times. Specifically, on January 4, 2010, Paderes examined Plaintiff when he complained of an upper respiratory infection, gastroesophageal reflux disease ("GERD"), a cough, and rhinitis. Paderes Decl. ¶¶ 6-7, ECF No. 42-4. Paderes treated Plaintiff by providing chlortrimeton antihistamine for his rhinitis and congestion, Robitussin for his cough, Prilosec and Tums for his GERD, and ointment for his dry skin. *Id.* ¶ 7. During Plaintiff's next two visits to the medical unit on January 20 and 30, 2010, Plaintiff complained of a stye in his eye, and requested "medical recreation" so that he could jog at a time separate from the other inmates. Rosen Decl. ¶¶ 41-42, ECF No. 42-1.

As a result of Plaintiff's positive TB test, on March 9, 2010, Plaintiff received a chest x-ray, which confirmed that he did not have active TB. Plaintiff was instead diagnosed with and counseled regarding his Latent TB Infection ("LTBI"). *Id.* ¶¶ 16, 18. To prevent Plaintiff's LTBI from becoming active, prison medical staff advised Plaintiff to take 300 mg. of isoniazid ("INH") orally every day for nine months, which Plaintiff began doing on March 24, 2010. *Id.* ¶ 18. Plaintiff continued to receive INH until his transfer to the Oahu Community Correctional Center ("OCCC") on August 10, 2010. *Id.* ¶ 19, Kaplan Decl. ¶ 11, ECF No. 42-5.

TB is spread only by a person with active, not latent, TB. Rosen Decl. ¶¶ 20, 27, 31, ECF No. 42-1. There were no known cases of prisoners with active TB at either HCF or SCC from February 2009 (when Plaintiff last tested negative for TB at SCC) to February 2010 (when Plaintiff tested positive for TB exposure at HCF). *Id.* ¶ 49. Potential sources of Plaintiff's exposure to active TB include visitors to SCC or HCF who had active TB or anyone with active TB who came into contact with Plaintiff during his transport to HCF from SCC. *Id.* ¶ 51. Plaintiff never developed active TB while at HCF. *Id.* ¶ 47.

On November 23, 2010, Plaintiff was released on parole. Kaplan Decl. ¶ 12, ECF No. 42-5.

**B. Procedural Background**

On May 24, 2010, Plaintiff filed this action, alleging that Defendants knowingly and with deliberate indifference housed him in the HCF general population with TB-infected inmates resulting in his exposure to TB. Compl. at 8, ECF No. 1. Although not clear, it appears that Plaintiff makes supervisory liability claims against Rosen and Espinda.

On May 31, 2011, Defendants filed their Motion for Summary Judgment. On June 1, 2011, the court issued an entering order explaining that Plaintiff's Opposition was due on June 24, 2011 and provided a "Notice to Pro Se

Litigants" to Plaintiff explaining his duties in responding to a motion for summary judgment. ECF No. 43; *see also* ECF No. 30. Plaintiff failed to file an Opposition. Pursuant to Local Rule 7.2(d), the court elects to decide this matter without a hearing.

### III.  STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (citations omitted)).

## IV. DISCUSSION

Plaintiff alleges that during his incarceration at HCF, Defendants violated his Eighth Amendment rights when they knowingly housed him with TB-

infected inmates resulting in his testing positive for TB exposure.  Defendants argue that summary judgment should be granted because, among other reasons, there is no genuine issue of material fact that:  1) Plaintiff was exposed to TB at HCF, 2) Defendants were personally involved in the constitutional violations alleged, or 3) to the extent they were involved, they were deliberately indifferent to Plaintiff's serious medical needs in any way.

"To sustain an action under [42 U.S.C. §] 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Supreme Court has recognized that exposure to contagious diseases may violate the Eighth Amendment if prison officials, acting with deliberate indifference, expose a prisoner to a sufficiently substantial "risk of serious damage to his future health."  *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Thus, an Eighth Amendment infringement may occur if an inmate is confined with a fellow prisoner known to have a serious contagious disease spread by airborne particles, such as TB.  *See Bolton v. Goord*, 992 F. Supp. 604, 628 (S.D.N.Y.

1998).

Inadequate or negligent medical care does not constitute cruel and unusual punishment cognizable under 42 U.S.C. § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Ninth Circuit applies a two-part test for deliberate indifference:

> First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations and quotations omitted).

Deliberate indifference requires that a detention official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The test is a subjective one because "prison officials who lacked knowledge of a risk cannot be said to have inflicted

8

punishment." *Id.* at 844. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

Plaintiff alleges that while at HCF, Defendants knowingly housed "confirmed cases of TB infected inmates among general population," resulting in his positive TB skin test. Compl. at 5, ECF No. 1. In other words, he claims that Defendants demonstrated deliberate indifference to the transmission of TB within HCF when they exposed inmates without TB to inmates with it. This claim presupposes two facts -- that Plaintiff was exposed to an inmate at HCF with active TB (because only active, not latent, TB is communicable) and that the Defendants knew Plaintiff was exposed to inmates with active TB. If true, this would certainly amount to exposing Plaintiff to a sufficiently substantial "risk of serious damage to his future health," to constitute an Eighth Amendment violation. *Helling*, 509 U.S. at 35.

Defendants have proven (without any response by Plaintiff), however, that Plaintiff's allegations lack any evidentiary support. Viewing the facts in the light most favorable to Plaintiff, there is no evidence that there were any inmates infected with active TB while Plaintiff was housed at HCF. Rosen Decl. ¶ 49, ECF No. 42-1. And that means there is necessarily no evidence that Defendants housed

9

Plaintiff with any active TB-infected inmates. On this basis alone, Plaintiff's claim that he was exposed to inmates with "communicable" TB at HCF fails and Defendants are entitled to summary judgment.

Even if Plaintiff could prove that he was exposed to an HCF inmate with active TB, there is no evidence that prison officials acted with deliberate indifference. There is simply no evidence in the record that Rosen, Paderes, or Espinda knew of a risk to Plaintiff; that is, without knowledge that any HCF inmate carried an active TB virus, Defendants could not have disregarded an excessive risk to Plaintiff's health or safety. In short, they had no subjective knowledge of a risk, and thus could not have inflicted punishment on Plaintiff.

Further, without any underlying constitutional violation there is no supervisory liability as to Espinda or Rosen. Section 1983 supervisory liability is premised on "culpable action, or inaction, [] directly attribut[able] to them." *Starr v. Baca*, --- F.3d ----, 2011 WL 2988827, at *2 (9th Cir. July 25, 2011) . The supervisor's participation could include his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Id*. (internal citations, quotation marks, and alterations omitted).

No such showing has been made in this case. Even reviewing Espinda's and Rosen's own practices, however, the court finds no Eighth Amendment violations. Although Plaintiff claims that HCF allowed a "practice" of housing active-TB infected inmates with healthy inmates to exist, the record is devoid of any such evidence. Further, the State of Hawaii Department of Public Safety TB Control Policy states multiple times that inmates shall be isolated if they have symptoms consistent with active TB or they refuse to take a TB test. Rosen Decl. Exs. A, B. ECF No. 42-2.

## V. **CONCLUSION**

Based on the above, the court GRANTS Defendants' Motion for Summary Judgment. The Clerk of the Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 29, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Weeks v. Espinda et al.*, Civ. No. 10-00305 JMS/KSC, Order Granting Defendants' Motion for Summary Judgment